BARRY, Judge.
Ex proprio motu we questioned jurisdiction over this appeal from the First City Court of New Orleans. Judgment was signed May 1, 1984. Notice of signing of judgment was mailed the same day. A motion for new trial was filed on May 9, 1984. This motion was denied on July 27, 1984. The appeal was filed August 3,1984.
La.C.C.P. Art. 4901, at the time of judgment in this matter, provided:
Except as provided for the appellate delay in appeals by Article 5003, the procedure in parish and city courts in cases where the amount in dispute exceeds three thousand dollars shall be the same as that provided by law for a civil case in the district court of the parish or city court is situated.
Plaintiffs suit was for $3,420.00. Therefore, the provisions of Art. 4901 applied.
Plaintiff argues that since Art. 4901 only makes reference to Art. 5003, and not Art. 4919 (the article which gives a 3-day period for applying for a new trial in city court), Art. 1974 (the article which gives a 7-day period for applying for a new trial in district court) should apply. Under that article, his motion for a new trial was timely. We agree.
Art. 4901 makes reference only to Art. 5003, otherwise the rules of procedure for district court apply. Art. 4902, which involves cases where the amount in dispute exceeds $500.00 but is less than $3,000.00, expressly applies articles 4911-4920. Thus in those cases it is clear that Art. 4919 applies and not the rules of procedure for district court.
The omission of a reference to Art. 4919 in Art. 4901 is significant. Appeals are favored in the law and any reasonable doubt must be resolved in favor of preserving an appeal. In the present case our interpretation of Art. 4901 is consistent with this principle. We deny our motion.